SCHOTT, Chief Judge.
(ON APPLICATION FOR WRITS)
Armed with an arrest warrant for the defendant police proceeded to his apartment at midnight on May 18, 1993. In response to their knock defendant came to the door dressed only in shorts. They entered the apartment and placed him under arrest. They searched the apartment and found an AK47 in the back of a closet along with a hat and a plaque in the living room where they arrested defendant. After talking to the grandmother of the 14 year old defendant the police extracted an incriminating statement from the boy. The juvenile court suppressed the statement and the evidence. On the state’s application we grant certiorari in order to consider the validity of this ruling.
Referring to State in the Int. of Dino, 359 So.2d 586 (La.1978), the trial court concluded that the state faded to carry its “heavy burden” to show that defendant engaged in a “meaningful consultation” with his grandmother before making his statement. Since this conclusion is largely one of fact after the trial court heard conflicting testimony and resolved it in favor of the defendant there is no basis for the appellate court to disturb this ruling.
As to the gun in the closet the state’s argument that it was found pursuant to a protective sweep is not persuasive. One of the officers found this gun behind some objects on a shelf in a closet. This constituted more than the limited search authorized in a protective sweep. Furthermore, once they made the arrest at the front door the need for the protective sweep did not exist. The state’s argument that the grandmother consented to the search requires a factual conclusion which was rejected by the trial court. Parenthetically we note that the gun found, an AK47, was not the type of weapon used in the murder for which defendant was arrested.
As to the hat and the plaque these were in plain view of the officers in the living room. Consequently, the trial court erred in suppressing them as evidence.
*459 Accordingly, the judgment of the trial court suppressing defendant’s statement is affirmed as is that part of the judgment suppressing the AK47 as evidence. However that part of the judgment suppressing the hat and the plaque as evidence is reversed and the motion to suppress these items is denied. This court’s stay order of August 11, 199B, is recalled. The case is remanded to the juvenile court for further proceedings.

AFFIRMED IN PART.